IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re                                                    CHAPTER 11
    SCHILS AMERICA ACQUISITION
    CORPORATION                        CASE NO.: 5-04-bk-52658
        Debtor

{**Nature of Proceeding:** Motion of JML Sales, Inc. for Interpretation and Clarification of Confirmed First Amended Plan (Doc. No. 101)}

# **OPINION**[1]

Schils America Acquisition Corporation ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on May 25, 2004. JML Sales, Inc. ("JML") was included on Debtor's creditor matrix. Prior to Debtor's filing, its principal, Arthur Henderlong, had executed a personal guaranty of Debtor's obligations to JML.

Debtor filed its initial Disclosure Statement and Plan of Reorganization on July 27, 2004. Included in both documents was the following passage:

> As of the Effective Date, this Plan shall act as an injunction against and shall enjoin the commencement of an action, the employment of process, or an act to collect, recover or offset any pre-confirmation debt as a personal liability of the Debtor or any other person liable therefore . . . .

See Doc. 49 at 16 and Doc. 50 at 11. Debtor filed documents that amended its Disclosure Statement and Plan of Reorganization on August 31, 2004. See Doc. 69 and 70. The above referenced passage was included in the amended documents.

Debtor's Amended Disclosure Statement was approved by Court Order on August 31, 2004 and an Order confirming its Amended Plan of Reorganization was entered on October 27,

---

[1] Drafted with the assistance of Wendy Morris, Law Clerk.

2004.

In its current motion, JML requests clarification of the previous cited passage based on an alleged ambiguity. Relying, in part, on § 524(e) of the Bankruptcy Code ("Code"), <u>Gillman v. Continental Airlines</u> (In re Continental Airlines), 203 F.3d 203 (3d Cir. 2000) and principles of state contract law, JML argues that even if the Plan releases Henderlong from his guaranty, the release is unenforceable as a matter law. In the event this Court decides not to enter an Order clarifying that the Plan provision does not release Henderlong from his guaranty, it requests this Court to find that the release violates § 524(e) of the Code and is therefore unenforceable.

Upon this Court's reading of the passage at issue, this Court finds that it is not ambiguous and clarification by this Court is not warranted. Moreover, this Court will not issue an advisory opinion on the matter. See <u>Coffin v. Malvern Fed. Sav. Bank</u>, 90 F.3d 851 (3d Cir. 1996).

Lastly, JML appears to be asking this Court, by motion, to either revoke, vacate or reconsider the confirmation order. The Third Circuit Court of Appeals has previously ruled on the preclusive effect of a confirmed plan; regardless of an apparent inconsistency with established bankruptcy law. See <u>In re Szostek</u>, 886 F.2d 1405 (3d Cir. 1989); <u>see also</u> <u>Stoll v. Gottlieb</u>, 305 U.S. 165 (1938)(Supreme Court held that finality of chapter 11 confirmed plan, which included canceling a guarantor's obligation to creditor, barred the non-objecting creditor from litigating its claim against the guarantor). To the extent JML is requesting that the confirmation order be revoked, JML was required to initiate an adversary proceeding in accordance with § 1144 of the Code and Rule 7001(5) of the Federal Rules of Bankruptcy Procedure. All other requests concerning reconsideration of the confirmation order are subject to Rules 9023 or 9024 of the Federal Rules of Bankruptcy Procedure. The Motion of JML Sales,

Inc. for Interpretation and Clarification of Confirmed First Amended Plan (Doc. No. 101) is therefore denied.

An Order will follow.

Date: August 5, 2005

John J. Thomas, Bankruptcy Judge
(CMS)

*This electronic opinion is signed and filed on the same date.*